UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYLEE GAMBAL,<br><br>       Plaintiff,<br><br>-against-<br><br>FINEST AUTOMOTIVE RECOVERY DOING BUSINESS AS FINEST AUTOMOTIVE AND RECOVERY INC.,<br><br>       Defendant. | 24-CV-9298 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, a resident of Staten Island, New York, brings this *pro se* action under the Court's federal question jurisdiction alleging that Defendant violated her federally protected rights in Staten Island. Named as Defendant is Finest Automotive Recovery which, according to Plaintiff, "is believed to do business in" Staten Island, New York, and Brooklyn, New York. (ECF 1 ¶ 2.) For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant unlawfully repossessed her car while it was "legally parked in front of a residence" in Staten Island.[1] (ECF 1 ¶ 5.) . She does not plead the residence of Defendant, only asserting that the alleged events giving rise to her claims occurred in Staten Island, and that Defendant does business in Staten Island and Brooklyn. Because Defendant does business in Staten Island and Brooklyn, and the alleged events occurred in Staten Island, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Staten Island, which is located in Richmond County, in the Eastern District of New York.[2] *See* 28 U.S.C. § 112. Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

---

[1] Plaintiff has a pending lawsuit against Finest Automotive and Recovery Inc. and other defendants in New York State Supreme Court, Richmond County. *See Gambal v. CarMax Auto Superstores, Inc., et al.*, Ind. No. 100047/24. Available court records show that on September 18, 2024, Plaintiff served Finest Automotive and Recovery Inc. with process at an address on Staten Island.

[2] Brooklyn, New York, which is located in Kings County, also falls within the Eastern District of New York. 28 U.S.C. § 112(c).

without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 10, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge